RECEIVED
FEB 29 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BRODIE SIMON | CIVIL ACTION NO. 07-0427 |
| VERSUS | JUDGE DOHERTY |
| INTERNATIONAL MARINE, LLC | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment [Doc. 19], filed by defendant and third-party plaintiff, International Marine, L.L.C.

The plaintiff in the above-captioned matter filed suit as the result of an alleged accident on December 7, 2005 on the Outer Continental Shelf while plaintiff was onboard the M/V INTERNATIONAL TITAN. Plaintiff sued International Marine, LLC ("International Marine"), which subsequently filed a third-party complaint against Dynamic Industries, Inc. ("Dynamic"), alleging Dynamic owes contractual defense and indemnity on behalf of International Marine. Dynamic answered the third-party complaint denying it owes defense and indemnity or any other obligations to International Marine under any contract or agreement applicable to the plaintiff's alleged accident.

In the instant motion for summary judgment, International Marine alleges it is owed defense and indemnity by virtue of a reciprocal hold harmless agreement entered into on May 12, 2005 between Dynamic and *International Boat Rentals, Inc.*, and "all of its parents, subsidiaries, affiliates, and their respective invitees, contractors and/or subcontractors . . . directors, officers, insurers, underwriters."

Dynamic has not filed its opposition to International Marine's motion for summary judgment and, in fact, on February 21, 2008, filed an unopposed Motion for Extension of Time to File Memorandum in Opposition to Motion for Summary Judgment. [Doc. 22] In its motion for extension, Dynamic asserts International Marine's motion for summary judgment is premature at this time, as discovery on the issue of defense and indemnity is ongoing. Specifically, Dynamic argues the relationship between International Marine and International Boat Rentals, Inc., the party alleged to have contracted with Dynamic, is not clear. Dynamic alleges the documentation provided by International Marine in response to written discovery does not reflect International Marine's entitlement to defense and indemnity as an affiliate of International Boat Rentals, Inc., or otherwise, at the time of the accident. Additionally, Dynamic asserts it is attempting to schedule the corporate depositions of both International Boat Rentals, Inc. and International Marine, but neither has been scheduled at this time. Dynamic argues until all discovery is complete on the issues raised by International Marine in its motion for summary judgment, Dynamic is unable to adequately respond to the motion for summary judgment at this time.

International Marine does not oppose the motion for extension of time for Dynamic to file its opposition brief. Indeed, trial of this matter is set on September 2, 2008, and the discovery/dispositive motion deadline is not until May 22, 2008. Considering that discovery is not complete in this case, and specifically, that discovery regarding the issue of the relationship between International Marine and International Boat Rentals, Inc. has not been completed, it appears International Marine motion for summary judgment is premature and that neither party would be prejudiced if the motion were denied as such.

Considering the foregoing, International Marine, LLC's Motion for Summary Judgment

[Doc. 19] is DENIED AS PREMATURE. Once discovery is complete on the issues raised herein, International Marine, LLC will be permitted to re-urge its Motion for Summary Judgment.

It is further ORDERED Dynamic Industry, Inc.'s unopposed Motion for Extension of Time to File Memorandum in Opposition to Motion for Summary Judgment [Doc. 22] is DENIED AS MOOT.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 29 day of February, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 3/29/08
BY: CW
TO: RFD
Cg
Colomb
Daisle } via fax
Johnson
Rowse