UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **BRODIE SIMON,** <br> Individually and o/b/o of <br> his minor son <br>     *Plaintiff, Intervenor Defendant* <br><br> **VERSUS** <br><br> **INTERNATIONAL MARINE, LLC** <br>     *Defendant, Third Party Plaintiff,* <br>     *Intervenor Defendant* <br> **DYNAMIC INDUSTRIES, INC.** <br>     *Third Party Defendant* <br> **LOUISIANA WORKER'S COMPENSATION** <br> **CORP.** <br>     *Intervenor Plaintiff* <br> **INTERNATIONAL MARINE, LLC** <br> **BRODIE SIMON** <br>     *Intervenor Defendants* | **CIVIL ACTION NO. CV07-0427** <br><br> **JUDGE DOHERTY** <br><br> **MAGISTRATE JUDGE METHVIN** |

*MINUTES OF TELEPHONE CONFERENCE*
*AND RULING ON MOTION TO COMPEL*
*March 17, 2008*

This matter is set for a jury trial before Judge Rebecca F. Doherty on September 2, 2008. The pretrial conference is set on August 20, 2008 at 11:30 a.m.

On March 17, 2008, the undersigned magistrate judge held a telephone conference to resolve two discovery disputes in the above-captioned matter, commencing at 10:00 a.m. and concluding at 10:30 a.m. Participating in the conference were the following:

| NAME OF PARTY | ATTORNEYS |
|---|---|
| Brodie Simon, individually and o/b/o his minor son, Plaintiff, Intervenor Defendant | Brian C. Colomb |
| International Marine, LLC, Defendant, Intervenor Defendant, Third Party Plaintiff | Kirby Blanchard |
| Dynamic Industries, Inc., Third Party Defendant | Susan A. Daigle |

2

*Surveillance Evidence*

Plaintiff's deposition is scheduled to take place this date, March 17, 2008, immediately following the telephone conference. Plaintiff opposes giving his deposition, however, until he receives copies of surveillance evidence which may be held by third-party defendant Dynamic, plaintiff's former employer.

Plaintiff requested copies of any surveillance evidence from Dynamic on December 10, 2007, in via interrogatories and requests for production of documents. Dynamic refused to answer the requests until after plaintiff's deposition.

In the past, the court's Scheduling Order set forth the specific procedure required for a party to obtain pretrial production of surveillance evidence. The rule required mover to file timely discovery requests, but allowed the respondent to remain silent until 20 days before trial, when surveillance was required to be produced. The court's current Scheduling Order allows parties to opt-in or out of the prior surveillance provision in the Rule 26(f) Report.[1] In the Rule 26(f) Report filed in this case, defendant International Marine opted into the procedure, plaintiff omitted any response, and Dynamic was not yet a party at the time of the report's submission.

During the telephone conference, the undersigned noted that the long-standing rule in this district is in accordance with <u>Chiasson v. Zapata Gulf Marine Corp.</u>, 988 F.2d 513 (5th Cir. 1993) – i.e., surveillance evidence is required to be produced prior to trial, upon discovery request, but not prior to plaintiff's deposition. Plaintiff has failed to establish good cause for a different procedure. Accordingly,

---

[1] Rec. Doc. 8-2.

3

**IT WAS ORDERED** that Dynamic shall respond fully to the discovery requests concerning surveillance evidence within five business days *after* plaintiff's deposition.

*Motion to Compel (Rec. Doc. 30)*

On March 6, 2008, Dynamic filed a Motion to Compel Response to Discovery and for Expedited Hearing. International Marine filed an opposition.[2]

International Marine filed a third party complaint against plaintiff's employer, Dynamic, seeking defense and indemnity. The basis for the claim is a hold harmless agreement entered into on May 12, 2005 between Dynamic and *International Boat Rentals, Inc.,* wherein Dynamic agreed to defend and indemnify International Boat and its "parents, subsidiaries, and affiliates."[3]

Dynamic propounded Interrogatories and Request for Production of Documents seeking information supporting International Marine's allegation that it is entitled to defense and indemnity as an affiliate of International Boat. International Marine responded that Stephen J. Williams is the sole manager and majority owner of both companies. Dynamic maintains that International Marine's response is inadequate. Dynamic seeks, prior to the corporate deposition of International Marine scheduled for March 27, 2008, an order requiring production of any and all documents establishing company affiliation, whether by common ownership or otherwise.

International Marine contends it has given Dynamic all relevant documents, but does not oppose the entry of a court order as requested by Dynamic. Accordingly,

**IT WAS ORDERED** that Dynamic's Motion to Compel be **GRANTED.**

---

[2] Rec. Doc. 32.

[3] Rec. Doc. 30.

4

**IT IS FURTHER ORDERED** that on or before **March 24, 2008**, International Marine shall produce any and all documents regarding common ownership or other affiliation between International Marine and International Boat from date of inception to the date of plaintiff's accident.

Signed at Lafayette, Louisiana, on March 17, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)